Marc S. Hepworth
Charles Gershbaum
David A. Roth
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone:   (212) 545-1199
Facsimile:   (212) 532-3801
Mhepworth@hgrlawyers.com
Charles@hgrlawyers.com
Droth@hgrlawyers.com

*Attorneys for Plaintiff*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
GERARDO QUIROZ,

                            Plaintiffs,

            -against-

SIX FLAGS ENTERTAINMENT CORPORATION,
PP DATA SERVICES, INC. and STONE SEARCH,
L.L.C.

                        Defendants.
-----------------------------------------------------------X

Case No:

**COMPLAINT and**
**DEMAND FOR JURY TRIAL**

Plaintiff, Gerardo Quiroz (hereafter "Plaintiff"), against Defendants, Six Flags Entertainment Corporation, PP Data Services, Inc. and Stone Search, L.L.C., by and through his attorneys of record, Hepworth, Gershbaum & Roth, PLLC, alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1. Plaintiff, Gerardo Quiroz, employed by Defendants, Six Flags Entertainment Corporation, PP Data Services, Inc. and Stone Search, L.L.C. (collectively "Six Flags" or "PP

Data" or "Stone Search" or "Defendants") pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b), plaintiff is: (i) entitled to unpaid wages for hours worked above 40 in a workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.

2. Plaintiff, Gerardo Quiroz, further alleges that he is (i) entitled to unpaid wages from Defendants for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, as required by the New York Labor Law ("NYLL") §§ 650 et seq. and the supporting New York State Department of Labor Regulations and (ii) Defendant's willful failure to comply with the notice and record keeping requirements of NYLL §§195(1) and 195(3) resulting in penalties under NYLL §§ 198(1)(b) and 198(1)(d).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. A substantial part of the events or omissions giving rise to plaintiff's claims occurred in New York.

2

## **THE PARTIES**

### *Plaintiff*

8. Plaintiff, Gerardo Quiroz, was and still is a resident of the County of Bronx, City and State of New York.

9. Plaintiff was employed by the defendants from October, 2008, until on or about October 20, 2011, as a support analyst at Six Flags' offices located at 230 Park Avenue New York, New York.

### *Defendants*

10. Upon information and belief, defendant, Stone Search, LLC, is a New York corporation, with its principal executive offices at 500 5th Avenue, 40th Floor, New York, New York.

11. Upon information and belief, defendant, Six Flags Entertainment Corporation is a Delaware corporation, with its principal executive offices at 924 Avenue J East, Grand Prairie, Texas.

12. Upon information and belief, defendant, PP Data Services, Inc., is a Delaware corporation, with its principal executive offices at 924 Avenue J East, Grand Prairie, Texas.

13. Upon information and belief, defendant Stone Search, LLC, is an employment agency which focuses on information technology employees and placed the plaintiff with defendant Six Flags Entertainment Corporation.

14. Upon information and belief, defendant, Six Flags Entertainment Corporation, owns and operates regional theme, water and zoological parks and is the largest regional theme park operator in the world.

15. Defendants jointly employed plaintiff as a support analyst.

16. Defendants are each covered employers within the meaning of the FLSA and the NYLL.

17. Upon information and belief, each defendant has a gross revenues exceeding $500,000 for all relevant periods herein.

## FACTUAL ALLEGATIONS

18. Defendants employed plaintiff as information technology/computer support from approximately October, 2008, through October 20, 2011. Plaintiff's formal job title was support analyst.

19. Consistent with defendants' policy and pattern or practice, plaintiff regularly worked in excess of forty hours per week.

20. Plaintiff regularly worked for defendants and held the title of support analyst. His job consisted of technical and computer support duties.

21. Plaintiff routinely worked in excess of eight hours per workday and also worked on the weekends. Plaintiff also routinely remotely logged in to complete work at home prior to leaving for work each day and used his Blackberry phone to complete work after work hours. Plaintiffs work conducted before and after hours was done to benefit the defendants. Plaintiff's job duties did not change over the course of his employment.

22. Plaintiff is an "employee" as that term is defined under the FLSA and NYLL.

23. At all relevant times, Defendants have been and continues to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

24. At all times relevant to the controversy herein, Defendants were joint employers within the meaning of the FLSA and NYLL.

25. Defendants do not act entirely independent of each other and are not completely dissociated with respect to the employment of plaintiff. Defendants maintain authority, control

4

and supervision over plaintiff, including over the day-to-day responsibilities and the hours and pay of the plaintiff. Defendants collectively established the employment policies applied to Plaintiff.

26. Defendants benefitted financially from the work performed by plaintiff.

27. Plaintiff worked as information technology/computer support for defendants' businesses.

28. Plaintiff receives instructions, orders, and directions from defendants.

29. Plaintiff is required to contact defendants for assistance and other authorizations needed in connection with his work as information technology/computer support.

30. Defendants are aware that plaintiff routinely worked more than 40 hours per week completing assigned work.

31. Defendants failed to pay plaintiff, proper wages for all work completed, overtime premium pay for overtime work for hours in excess of 40 hours per workweek for spread of hours pay.

32. During the course of plaintiff's employment, defendants failed to maintain accurate and sufficient time records.

33. During the course of plaintiff's employment, defendants failed to provide to Plaintiff a notice of the pay rates, basis of pay, whether paid by hour, shift, day or week and generally failed to comply with the notice and record-keeping requirements as required under New York Labor Law § 195.

34. Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and the NYLL.

## FIRST CAUSE OF ACTION
## (Fair Labor Standards Act: Unpaid Overtime Wages)

35. Plaintiff realleges and incorporates by reference all allegations in Paragraphs 1-34 as if fully set forth herein.

36. The overtime wage provisions set forth in 29 U.S.C. §§ 201 et seq. apply to Defendants.

37. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38. At all times relevant, plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

39. Defendants have failed to pay plaintiff the overtime wages to which he was entitled under the FLSA.

40. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

41. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. As a result of defendants' violations of the FLSA, plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

43. As a result of the unlawful acts of defendants, has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**(New York Labor Law: Unpaid Overtime Wages)**

44. Plaintiff realleges and incorporates by reference Paragraphs 1-43 as if fully set forth herein.

45. At all times relevant to this action, plaintiff was an employee and defendants have been employers within the meaning of the NYLL.

46. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

47. Defendants have failed to pay plaintiff the overtime wages to which he was entitled under the NYLL.

48. By defendants' failure to pay plaintiff overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

49. As a result of defendants' violations of the NYLL, is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**(New York Labor Law: Failure to Comply With Notice and Record Keeping Requirements)**

50. Plaintiff realleges and incorporates by reference Paragraphs 1-49 as if fully set forth herein.

51. NYLL § 195(4) requires, among other things, that Defendants establish and maintain, for at least three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

52. NYLL § 661 requires Defendants to maintain, *inter alia,* true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

53. 12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six years, weekly payroll records showing, *inter alia,* each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

54. NYLL § 195(3) requires that Defendants furnish each of its employees with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

55. N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

56. Defendants did not provide the plaintiff with the requisite notices and statements described above in paragraphs 51-55.

57. As a result of Defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3), plaintiff is entitled to recover from Defendants penalties as provided by NYLL § 198(1)b and 198(1)d.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, prays for the following relief:

a. Unpaid wages and liquidated damages in the maximum amount allowed under the FLSA;

b. Equitable tolling of the FLSA statute of limitation as a result of the Defendants' failure to post requisite notices under the FLSA;

c. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

d  Penalties under NYLL § 198(1)(b) and 198(1)(d) for the defendants failure to comply with the notice and record keeping requirements of NYLL §195(1) and 195(3).

e. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

f. Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations;

g. Pre-judgment and post-judgment interest, as provided by law;

h. An injunction prohibiting Defendants from violating the NYLL Article 19, §§ 650, et seq., the supporting New York State Department of Labor Regulations and NYLL §195(1) and 195(3).

i. Attorneys' fees and costs

j.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

By:  Charles Gershbaum

Marc S. Hepworth
David A. Roth
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801
Droth@hgrlawyers.com
Charles@hgrlawyers.com
Mhepworth@hgrlawyers.com